UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re:<br><br>CHRISTOPHER L. O' REILLY<br>TAMI O'REILLY<br><br>　　　　　　　Debtors. | **APPLICATION**<br><br>Case No.: 07-30006-mcr<br>(Chapter 13)<br><br>Assigned to:<br>Hon. MARGARET M.<br>CANGILOS-RUIZ<br>Bankruptcy Judge |

Wells Fargo Bank, NA ("Secured Creditor"), by its attorneys Steven J. Baum, P.C., moves to terminate the automatic stay in this case with respect to the real property commonly known as 226 Beley Avenue, Mattydale, NY 13211 and states as follows based on information provided by the Secured Creditor:

1. Secured Creditor derives its status from a mortgage dared January 27 1994 secured by the premises commonly known as 226 Beley Avenue, Mattydale, NY 13211 (the "Mortgaged Premises"). A copy of the Note, Mortgage, Loan Modification and relevant Assignments are attached hereto as **Exhibit 'A'**. Upon information and belief, Secured Creditor is successor by assignment from Washington Mutual Bank which in turn is successor by merger with Fleet Mortgage Corp., fka Fleet Real Estatate Funding Corp.

2. On the 2nd day of January, 2007 Debtors Christopher L. O' Reilly, Tami O'Reilly filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

3. As per the Secured Creditor, as of the 8th day of September, 2009, the Debtors are due for 5 post-petition payments in the amount of $786.32 which represents the payments due the 1st day of March, 2009 through July, 2009 and 1 post-petition payment in the amount of $750.13 which represents the payment due the 1st day of August, 2009 and have not cured said default.

4. That through the 1st day of October, 2009, there shall be an unpaid principal balance owed on the Note and Mortgage in the sum of $50,754.46, with interest thereon in the amount of $5,075.52, plus late charges in the amount of $185.32, plus escrow advances in the amount of $1,699.55, less $524.23 in the Debtors' suspense account, for an estimated amount owing Secured Creditor in the amount of $57,190.62.

5. Based on the Property Valuation attached hereto as **Exhibit 'B'**, said real property is valued at $76,000.00.

6. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, "cause" exists to vacate the automatic stay as the Debtors have failed to make monthly post-petition mortgage payments to Secured Creditor.

7. The Secured Creditor shall incur $650.00 for reasonable attorney's fees in connection with the instant motion along with the $150.00 filing fee. Here, the instant motion is a reasonable and appropriate measure to protect the Secured Creditor's interest in the Mortgaged Premises in light of the circumstances detailed above. Therefore, Secured Creditor requests that the Court grant the Secured Creditor such fees and costs as the Court believes reasonable.

8. There exists a co-obligor named Nanette O'Reilly on the underlying obligation to the Secured Creditor. Pursuant to 11 U.S.C. §1301(c), the Secured Creditor hereby respectfully requests relief from co-debtor stay as expressed in 11 U.S.C. §1301(a) to the extent it applies to the co-obligor. In support of said request, it is respectfully submitted that the co-obligor received consideration for the claim held by the secured creditor at least in the form of money loaned by the Secured Creditor. Furthermore, it is respectfully submitted that the continuation of the co-debtor stay would irreparably harm the Secured Creditor in the absence of post-petition mortgage payments.

9. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'C'**.

10. The Secured Creditor previously applied for relief from stay and a conditional order dated August 30, 2007 was issued by the Court, and later amended on May 6, 2008. The Debtor made the payments required under that order, but because that order did not provide for timely ongoing payments past the payments stipulated in the order, the Secured Creditor now seeks relief based on the Debtor's present post-petition default. Furthermore, should a second conditional order be granted by the Court, the Secured Creditor respectfully requests that a provision be including for the maintenance of ongoing post-petition monthly mortgage payments beyond the curing of the current default.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises, and terminating the automatic stay with respect to the co-Debtor pursuant to 11 U.S.C. §1301(c), and that reasonable attorney's fees and costs be awarded to the Secured Creditor, together with such other, further and different relief as the Court may deem just in this matter.

DATED:   September 9, 2009
         Buffalo, New York

Yours, etc.

By: _____
Morgan K. Taylor, Esq.
STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor
Wells Fargo Bank, NA
Office and Post Address:
220 Northpointe Parkway, Suite G
Amherst, NY 14228
Telephone 716-204-2400